STATE v. GERHARD BONGARD and Another.[1]

May 29, 1903.

Nos. 13,529—(21).

**Recognizance—Pleading.**

> In this, an action upon a forfeited recognizance given in a criminal case, it is *held* that the complaint states a cause of action, the findings of fact are justified by the pleadings and evidence, and sustain the court's conclusion of law; and, further, that the court did not err in denying the defendant's motion for a new trial on the ground of accident and surprise.

Action in the district court for Carver county to recover $1,250 upon a forfeited recognizance from defendants Gerhard Bongard, as principal, and Otto Mesenbring, one of the sureties. The case was tried before Cadwell, J., who found in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant Mesenbring appealed. Affirmed.

*W. C. Odell,* for appellant.

*Thos. F. Craven,* County Attorney, and *P. W. Morrison,* for the State.

START, C. J.

Action upon a forfeited recognizance. The trial court, as a conclusion of law from the facts found, directed judgment against the defendants for the sum of $1,250. The defendant Mesenbring then made a motion for a new trial on the ground of errors of law occurring at the trial, accident and surprise, and that the decision

[1] Reported in 94 N. W. 1093.

is not justified by the evidence. He appealed from an order denying his motion.

A brief statement of the facts alleged in the pleadings is essential to a consideration of the defendant's assignments of error. The complaint alleges, in effect, these facts: The defendant Gerhard Bongard was on March 7, 1900, indicted by the grand jury of the county of Carver for embezzling public money as treasurer of the county. The indictment was duly filed in court, and he was taken into custody and detained in jail by virtue of a bench warrant duly issued and delivered to the sheriff of the county. He was thereafter released from custody upon entering into a recognizance to the state of Minnesota in the usual form in the sum of $5,000, with the defendant Mesenbring, Peter Peschken, Frederick W. Wolter, and John Fruetel as sureties, conditioned for his personal appearance before the district court of the county of Carver on the first day of the then next term thereof, and answer to the indictment against him, and not depart the court without leave. The recognizance was duly filed in court, and became a part of its records. He did not perform the conditions of the recognizance, but failed to appear before the court at the appointed time, and the recognizance was duly forfeited by the court, and so remains forfeited and unpaid, except as herein stated. The sureties on the recognizance, including the defendant Mesenbring, after such forfeiture made application by written petition to the court to be released from such recognizance. The petition came on for hearing on February 1, 1901. At this hearing the defendant Mesenbring withdrew from the petition, and then and there refused to abide by any order which the court might make in the premises. Thereupon the other petitioners, Frederick W. Wolter, Peter Peschken, and John Fruetel, desired to be released from the recognizance and the obligations thereof, and asked the court to fix and determine the amount required of them to pay to effect such release. The court, after hearing the petition and proofs given on such hearing, duly ordered that the petitioners Peter Peschken, Frederick W. Wolter, and John Fruetel, upon the payment to August Johnson, as sheriff of the county, of the sum of $842.47, the expenses incurred by the state and county

in bringing the defendant Bongard before the court, be released from the recognizance and the obligations thereof; such release therefrom in no way or manner to affect or impair the right of the state or county to recover one-fourth of the amount of the recognizance from the defendant Mesenbring. The court then and there further ordered that an action be commenced in the name of the state of Minnesota to recover from the defendant Mesenbring the one-fourth part of the recognizance. A copy of the order of the court is attached to, and made a part of this complaint. The three sureties named then paid the amount directed by the court to be paid by them. Other than this nothing has ever been paid on the recognizance. The defendant Mesenbring in no way aided in bringing the defendant Bongard before the court, and has refused to pay any sum whatever on the recognizance. The complaint demanded judgment against him for $1,250.

His answer admitted that he, with his co-sureties, entered into the recognizance, and that it was forfeited, and alleged that Bongard, after such forfeiture, appeared in court, and entered a plea of guilty to the indictment, and was sentenced to imprisonment, and to pay a fine and costs. The answer further alleged that neither the county nor state incurred any expense in securing Bongard's appearance in court, but that certain of his sureties employed the sheriff to apprehend him, and have him before the court on the day to which the term had been adjourned; and, further, that on February 1, 1901, the sureties upon the recognizance made application to the court to be released from their recognizance upon paying to the sheriff of the county the sum of $842.47, being the amount charged by him for his services and expenses in apprehending Bongard and having him in court; that before the hearing upon the application this defendant withdrew therefrom, and upon the application the court made the order referred to in the complaint, and the co-sureties of this defendant paid to the sheriff the amount mentioned in the order, and were thereupon released from the recognizance and the obligation thereof; that the default of Bongard was not wilful, intentional, or negligent. The answer denied all of the other allegations of the

STATE v. BONGARD                                              429

complaint, and the reply put in issue the new matter alleged in the answer.

The trial court found, in effect, that the allegations of the complaint were true, and, further, that Bongard was, after the forfeiture of the recognizance, arrested by the proper officers of the county, and brought before the court, and upon his plea of guilty was duly sentenced; and, further, that the county never expended, laid out, or appropriated any money to secure his attendance in court after the execution of the recognizance; and, as a conclusion of law, that the state was entitled to judgment against the defendants as prayed.

1. The first claim made by the defendant is that the complaint does not allege facts constituting a cause of action; hence the trial court erred in receiving over this specific objection evidence in support thereof. The specific contention of the defendant's counsel is that when the court made its order remitting the penalty of the recognizance in excess of the sum of $842.47, it thereby substituted such sum as the penalty of the recognizance in lieu of the penalty mentioned therein, and by the payment of such substituted penalty and the release and discharge from further liability of appellant's co-sureties the cause of action growing out of the recognizance was satisfied, and the right of action thereon against appellant was extinguished. If such be the legal effect of the court's order as to the defendant's co-sureties, it necessarily follows that the complaint does not state a cause of action. But such is not the proper interpretation of the order, or its legal effect. The recognizance was an obligation of record entered into before the court, defeasible only by a strict performance of the conditions therein named. When the court determined that the conditions had not been performed, and adjudged the recognizance forfeited, the sureties were jointly and severally bound absolutely for the payment of the full penalty named in the recognizance, unless the court, on their application, in the exercise of its discretion, for good cause shown, remitted the whole or some part of the penalty.

The method by which the sureties on a recognizance in a crim-

inal case may apply after forfeiture for a remission of any part of the penalty is this:

"When any action is brought * * * against a principal or surety in any recognizance entered into * * * in any criminal prosecution, and the penalty of such recognizance is adjudged forfeited, the court may, on application of any party defendant, remit any part or the whole of such penalty." G. S. 1894, § 7159.

No question is here made by either party as to the authority of the court to make the order as to the release of the three sureties before any action on the recognizance had been commenced, and we assume, for the purposes of this decision, that the jurisdiction of the court in the premises was the same as it would have been if the action had then been pending. Now, it appears from the allegations of the complaint that the court did not assume to remit the whole of the penalty of the bond in excess of $842.47. On the contrary, its order deals with the three sureties personally, and provides for their release from further liability on the recognizance upon the payment of the sum named, and expressly provided that their release should not affect the right of the state to recover from the defendant one-fourth of the amount of the recognizance; that is, his proportionate share thereof as between him and his co-sureties. The case stands, then, as to the defendant, precisely as if the state had released his co-sureties on payment of three-fourths of the amount due on the recognizance, and had brought this action to recover his proportionate share of the original amount of the recognizance. We therefore hold that the release of the defendant's co-sureties did not affect his liability for such proportionate share, and that the complaint states a cause of action. It follows from this holding that the court's conclusion of law is justified by its findings of fact.

2. The defendant also urges that the court erred in finding that the defendant refused to abide by any order the court might make on the application for the release of the sureties, that the three sureties desired to be released from the recognizance notwithstanding his withdrawal from the application, and that the court heard proofs touching the application, for the reason that there is no evidence to support such finding. The answer admits that

the defendant withdrew from the application, which implies that he declined to abide by any order the court might make thereon. The answer also admits that the court made the order referred to in the complaint; hence it was not necessary to introduce it in evidence. This order, as set forth in the complaint, contained a recital of all the facts which the defendant claims are not supported by the evidence. Such facts are only material as explaining the court's order, for they are in no manner essential to support the court's conclusion of law. The finding, however, is supported by the admissions in the answer and the evidence received on the trial.

3. The only other assignment of error meriting special consideration is that the court erred in not granting the defendant's motion for a new trial on the ground of accident and surprise, as set forth in his affidavit made in support of his motion. His affidavit is to the effect that the recitals in the court's order releasing his co-sureties, so far as they refer to him, are not correct; that the acceptance of such recitals as true without proof upon the trial, and making them the basis of the court's findings, could not have been and were not anticipated by him or his counsel, and that he was surprised thereby, and deprived of an opportunity of showing what the facts were. The opposing affidavits on the part of the state tended to show that the recitals in the order were true. The motion was addressed to the discretion of the court, the evidence was conflicting, and the court did not err in denying the motion.

4. It is apparent that, if the defendant is compelled to pay $1,250 on the recognizance, while his co-sureties are required to pay only $281 each, he will not receive relative justice. But, if such shall be the final outcome of this litigation, it will be the result of his mistaken insistence on what he conceived to have been his strict legal rights. He stood before the trial court, not appealing to its discretion to be relieved from the payment of his full proportionate share of the recognizance, but insisting that he was not legally liable thereon for any amount whatever. Such being his position and claim, the court could not do otherwise than it did do. The statute (section 7159, supra) provides that,

when any action is brought upon a forfeited recognizance, the court, on application, may remit any part or the whole of the penalty. Ordinarily, such an application should be made before answering, but the statute is a remedial one, and should be liberally construed. The whole matter is addressed to the sound discretion of the court, and it may entertain such an application at any time before final judgment. Necessarily, a defendant who puts the county to the expense of litigating the action to an order for judgment against him cannot reasonably expect to be released from any part of his liability except upon terms which will in some measure at least indemnify the county for its expenses in the litigation.

The order appealed from is affirmed, without prejudice to the right of the defendant, if so advised, to apply to the trial court for relief in the premises on such terms as may be just.